UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEON JOHNSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-1352 (CEJ) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This matter is before the Court upon the motion of Leon Johnson to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response addressing the merits of the motion. After the government's response was filed, Johnson filed a "supplemental" motion to vacate. The original and supplemental motions will be addressed in this Memorandum.

**I. Background**

On April 17, 2006, Johnson pled guilty to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Based on Johnson's status as a career offender, the guideline imprisonment range was 151-188 months. On July 31, 2006, Johnson was sentenced to a term of imprisonment of 155 months. He did not appeal the judgment.

In his original and supplemental motions, Johnson asserts that he was denied effective assistance of counsel and that the Court erred in determining that he was a career offender.

**II. Discussion**

**A. Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). There exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to show prejudice in the context of a guilty plea, the movant must demonstrate that if it were not for counsel's errors, he would have not pled guilty, but instead would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). The failure to show prejudice is dispositive, A court need not address the reasonableness of the attorney's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

Johnson claims that he would not have pled guilty had his attorney advised him of the sentence of imprisonment he faced. He specifically alleges that defense counsel told him that he would be sentenced according to the guideline range applicable to a Criminal History Category IV and a Total Offense Level of 22.[1] Not only does this allegation lack credibility, it is insufficient to establish prejudice, even if it were true.

The record shows that Johnson signed a plea agreement in which he acknowledged that he could be sentenced to a term of imprisonment of up to 20 years, the statutory maximum penalty for the offense. At the change of plea hearing, the Court again apprised Johnson of the maximum statutory penalties for the offense. Thus, Johnson was correctly informed of the potential sentence he faced.

The plea agreement contained the parties' guideline recommendations with respect to the offense level calculation based on the drug quantity table set forth in U.S.S.G. § 2D1.1(c)(10) and based on the acceptance of responsibility provisions of

---

[1]This would have resulted in a guideline imprisonment range of 63-78 months.

U.S.S.G. § 3E1.1. (Curiously, these recommendations resulted in a Total Offense Level of 17, not 22.) Johnson acknowledged in the plea agreement that these recommendations were not binding on the Court. With respect to criminal history, the plea agreement contained the following language:

> **B. Offense Conduct:**
>
> **(1) Base Offense Level:**
>
> * * * * *
>
> **The parties recommend, however, that if defendant is determined, based on his criminal history, to be a career offender under Sentencing Guidelines § 4B1.1, then the Guideline sentence shall be determined under Sentencing Guidelines § 4B1.1, and not § 2D1.1.**
>
> * * * * *
>
> **E. Estimated Total Offense Level: Based on these recommendations, the parties estimate the Total Offense Level is 17. The parties recommend, however, that if defendant is determined, based on his criminal history, to be a career offender under Sentencing Guidelines § 4B1.1, then the Guideline sentence shall be determined under Sentencing Guidelines § 4B1.1, and not § 2D1.1.**

Thus, notice to Johnson that he could be sentenced as a career offender appeared twice in the plea agreement. Johnson's allegation that he was unaware of the potential for an enhanced sentence is simply not credible.

Further, the repeated reference to the career offender guideline evinces the significance that the parties attached to it. In her affidavit, defense counsel states that she informed Johnson of the potential guideline ranges, both with and without the career offender designation. Given the fact that the parties were aware of the possibility of a sentence enhanced by the career offender guideline, it is logical that defense counsel would inform Johnson of the guideline's impact on the sentence he could receive.

Ground One of the original motion to vacate contains the following statement: "Ineffective assistance of cousel [sic] rendered movants [sic] plea Involuntary." Ground Two of the original motion contains the following statement: "Movant contends counsel was ineffective at sentencing." No facts are set forth in support of either ground. Instead, Johnson merely states, "Memorandum of law to follow." In his supplemental motion to vacate, Johnson refers to his ineffective assistance of counsel claims. However, the memorandum attached to the supplemental motion contains no facts supporting those claims. Thus, Ground One and Ground Two of the original motion to vacate lack a factual basis and do not entitle Johnson to relief.

### B. Career Offender Designation

Johnson asserts in the supplemental motion that he should not have been sentenced as a career offender because he did not have the requisite predicate felony convictions. According to the presentence report, Johnson had a 1990 federal conviction for possession with intent to distribute cocaine and a 2003 Florida conviction for aggravated assault with a deadly weapon. In the Florida case, Johnson threatened to kill the victim and tried to hit her with his car. These convictions formed the basis for Johnson's career offender designation under U.S.S.G. § 4B1.1.[2]

Johnson alleges that he was told that he could petition the Florida court to convert his conviction to a "withhold of adjudication" upon completion of his sentence of probation. He further alleges that after he was released from probation in 2005, "he

---

[2]The career offender designation under § 4B1.1 requires that the defendant have at least two prior felony convictions for either a crime of violence or a controlled substance offense. A "crime of violence" includes aggravated assault and any offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2, Commentary, Application Note 1. A "prior felony conviction" is an adult federal or state conviction for an offense punishable by imprisonment for a term exceeding one year, "regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." Id.

was certain that the record, in this case, would reflect that the adjudication in the case at bar for: aggravated assualt [sic], aggravated stalking and the domestic violence injunction would not have any penalizing effect in the future because the Court would enter an order withholding adjudication retroactively pursuant to its original order in this case."

At sentencing, Johnson had the opportunity to object to the career offender designation, but he failed to do so. Further, Johnson did not appeal the sentence, even though he reserved his right to appeal "contested criminal history issues." Plea Agreement, p. 3. The issue of whether the Florida conviction was properly used to enhance Johnson sentence is one that he could have raised on appeal. A motion to vacate is not a substitute for a direct appeal. See Boyer v. United States, 988 F.2d 56, 57 (8th Cir. 1993); Reid v. United States, 976 F.2d 446, 447 (8th Cir. 1992), *cert. denied*, 507 U.S. 945 (1993) [*citing* United States v. Frady, 456 U.S. 152 (1982)]. Absent a showing of cause and prejudice, a movant cannot assert a claim in a § 2255 proceeding that could have been asserted on appeal. Id.

Here, Johnson has not made any showing of cause for failing to present the instant challenge to his criminal history on direct appeal nor does he show any resultant prejudice. Therefore, the Court will not consider the claim presented in the supplemental motion.

III. Conclusion

For the foregoing reasons, the Court concludes that Johnson has not shown that he is entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion and supplemental motion. The Court finds that Johnson has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An appropriate Order will accompany this Memorandum.

                                                                 _____
                                                                 CAROL E. JACKSON
                                                                  UNITED STATES DISTRICT JUDGE

Dated this 3rd day of September, 2010.